PRIMAX RECOVERIES
INCORPORATED,
Plaintiff,

v.

David DUFFY & Patricia
Duffy, Defendants.

No. 01 C 4695.

United States District Court,
N.D. Illinois,
Eastern Division.

May 7, 2002.

Henry Schuberth Romano, Jr., Primax Recoveries Incorporated, Schaumburg, IL, for Primax Recoveries Incorporated, plaintiff.

Philip Harrett Corboy, Jr., Corboy & Demetrio, Chicago, IL, for David Duffy, Patricia Duffy, defendants.

### ORDER

BUCKLO, District Judge.

The defendants' minor child was injured in a car accident in November 1999. They submitted a claim to their CIGNA Signature Benefits plan (the "Plan"), provided by CIGNA, David Duffy's employer. CIGNA paid out $47,393.13. Meanwhile the defendants sued the tortfeasor in state court and settled the lawsuit for $100,000. The defendants filed a motion, with notice to Primax, the plaintiff here, to extinguish subrogation liens. Primax did not respond. The motion was granted. Primax then filed this ERISA lawsuit on behalf of CIGNA, asking for various relief. It moves for summary judgment, and I grant the motion in part.

■ I first consider whether this case is governed exclusively by ERISA and the Plan. A state law claim is preempted by ERISA if the plaintiff's claim "relates to" an employer's ERISA plan. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); 29 U.S.C. § 1144(a). A state law that regulates insurance is saved from preemption by the saving clause, 29 U.S.C. § 1144(b)(2)(A), but under the deemer clause, an employee benefit plan may not be deemed to be an insurer for the purposes of the saving clause, § 29 U.S.C. § 1144(b)(2)(B). An insured plan may be regulated through state insurance laws, an uninsured plan may not, and a self-funded plan is exempt from state regulation of insurance plans. *FMC Corp. v. Holliday*, 498 U.S. 52, 64, 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990).

■ The parties agree that the Plan is an employee welfare benefits plan under ERISA. Illinois law denies insurers subrogation rights against payments by a tortfeasor in settlement of a claim brought by a minor's estate. *Health Control Cost Controls v. Ross*, No. 96 C 2527, 1997 WL 222877, at *2 (N.D.Ill. Apr.24 1997) (Norgle, J.). The courts in this district agree that the anti-subrogation law comes under the saving clause. *Id.* The defendants contend that the deemer clause does not operate here because "no language of the plan, as provided to [the defendants] indicates that it was ... self funded." Moreover, the plan contains "many references to and emblems of CIGNA ... a nationally recognized insurance provider." However, the Plan plainly states that it is "self-insured. All valid claims and fees ... are funded by employee pre-tax contributions." Plan, at D–86. The defendants provide no evidence that they did not receive this page of the Plan. I find that it was self-funded. The deemer clause operates.

The defendants argue that in deciding whether the deemer clause applies, I should consider whether the state regulation conflicts with the Plan's provisions. *See Ross*, 1997 WL 222877, at *3. The court there noted that the plan language required "you" to reimburse the plan for any payments received to the extent that the plan had provided benefits in connection with an injury to "you or one of your covered dependents." It found that only "you," the plan beneficiary, was required to reimburse the plan, and the covered dependent was not. There was *no conflict* with Illinois anti-subrogation law, and the deemer clause did not apply. *Id.* at 4. The Plan language is similar here, the defendants argue, so the deemer clause should not apply. However, that result depended on the fact that the plan there was considered to be uninsured for purposes of the

motion at bar, *id.* at 4, 3, but here the Plan is self-insured.

■ The defendants also argue that they did not agree to the subrogation [I think they mean restitution] clause, as they say the Plan requires. Restitution is available only when a party "has a reasonable expectation of payment, the plaintiffs should have reasonably expected to pay, or society's reasonable expectations of person and property would be defeated by nonpayment." *Harris Trust & Savings v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir.1995) (citations omitted). The Plan states:

> If ... a covered dependent incurs expenses for injuries ... for which ... a third party may be liable, CIGNA's plan will provide its normal benefits. However, you must first agree in writing to refund at the time the amount of the third party's responsibility is determined and satisfied the lesser of the amount actually paid by the plan ...; or [the] amount ... actually received from the third party.

*Id.* at D–80. The defendants say they made no such written agreement. However, this clause says not that a signed writing is required for *restitution*, but that a signed writing is required for *payment* in circumstances where a third party may be liable. The clause says: unless you sign, we (the Plan) don't have to pay you, and not: unless you sign, you don't have to pay us back. All three prongs of the restitution requirements are met here. The defendants are not entitled to a double recovery at CIGNA's expense. *See Harris Savings, supra* (same result).

Defendants argue in a supplemental brief, to which plaintiff did not reply, that *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), bars this action. As I read the Supreme Court's opinion, it does bar plaintiff's action insofar as it seeks to require defendants to repay money already received in the settlement. It does not appear, however, to bar a lien on specific funds not yet received in the claim for underinsurance. 122 S.Ct. at 715. Thus, this action cannot be dismissed on that ground.

The defendants say that if I grant the plaintiff's motion, I should apply the Illinois common fund doctrine, reducing CIGNA's recovery by one third in recognition of the fact that the defendants' counsel won the settlement. CIGNA stipulates to the applicability of the doctrine and does not oppose the defendants' request. I therefore reduce the plaintiff's gross recovery by one third to $31,595.42, and further by its share of the defendants' pro rata expenses in obtaining the recovery, or $565.07. Plaintiff is therefore entitled to a lien in the amount of $31,030.35 if plaintiff can identify a specific fund from which reimbursement is appropriate.